# Exhibit 1

| | |
|---|---|
| Vendor I.D. (UEI) – UD7YBMAB7T81 | Agreement No. 6000034503<br>Agency Assistance Listing Number: 10.182 |

COOPERATIVE AGREEMENT
between the
AGRICULTURAL MARKETING SERVICE
UNITED STATES DEPARTMENT OF AGRICULTURE
WASHINGTON, D.C. 20250
(hereinafter called the Federal Agency)
and the
Pennsylvania Department of Agriculture
2301 North Cameron Street Harrisburg, PA 17110-9408
(herein after called the State, Territory or Federally Recognized Tribal Agency)

1. **Title of Agreement**: Local Food Purchase Assistance 2025 Cooperative Agreement

2. **Objective**: The U.S. Department of Agriculture (USDA), Agricultural Marketing Service (AMS), is entering cooperative agreements with U.S. States and Territories and Federally Recognized Tribal Governments for the Local Food Purchase Assistance 2025 Cooperative Agreement (LFPA25). The overall goal of LFPA25 is to support to maintain and improve food and agricultural supply chain resiliency through the procurement of local, domestic and unprocessed or minimally processed agricultural commodities.

   Following signatures on these agreements, States, Territories, and Federally Recognized Tribal Governments are to submit formal plans to purchase local, unprocessed or minimally processed domestic foods and distributing the food to underserved communities. States, Territories, and Federally Recognized Tribal Government plans must include all information in the Project Summary template. Funds will be used to purchase local, unprocessed or minimally processed domestic foods. Funding can only be used for food procurement. Applicants may not request direct or indirect costs associated with developing or administering the program. All food purchased must be unprocessed or minimally processed, must meet the definitions of domestic and local, as defined in section 1.2.1 of the attached Program Scope and Requirements. States, Territories, and Federally Recognized Tribal Governments may subaward funds to eligible entities.

3. **Statement of Responsibilities**: This cooperative agreement shall be carried out by the organizational units or officials of the Federal Agency and the State, Territory or Federally Recognized Tribal Agency in the manner and subject to the conditions provided in the Statement of Responsibilities attached below and agreed to in the final approved State, Territories, or Federally Recognized Tribal Government Plan that will be completed by April 30, 2025.

4. **Legal Authority**: Section 5(c) of the Commodity Credit Corporation Charter Act (15 USC 714c(c)).

5. **Revision**: N/A

6. **Effective Date**: January 15, 2025

7. **Approvals**: The signatories hereby certify that they have authority to enter into said cooperative agreement.

   This agreement is hereby approved for the State, Territory or Federally Recognized Tribal Agency.

   Done at  **Harrisburg, PA**  on  **12/27/2024**
          (City and State)      (Date)

   **Russell C. Redding**  Digitally signed by Russell C. Redding
   Date: 2024.12.27 09:07:08 -05'00'
   Signature

   **Pennsylvania Secretary of Agriculture**
   Title

   This agreement is hereby approved for the Federal Agency.

*Form AMS-20 (2-21)*

Vendor I.D. (UEI) – UD7YBMAB7T81

Agreement No. 6000034503
Agency Assistance Listing Number: 10.182

Done at Washington, D.C. on  12/19/24
(Date)

ERIN MORRIS  Digitally signed by ERIN MORRIS
Date: 2024.12.19 17:03:13 -05'00'

Signature
Associate Administrator
Agricultural Marketing Service

*Form AMS-20  (2-21)*

**CONTINUATION SHEET – COOPERATIVE AGREEMENT NUMBER: 6000034503**

This STATEMENT OF RESPONSIBILITIES is part of the Cooperative Agreement between the Agricultural Marketing Service, United States Department of Agriculture and **Pennsylvania Department of Agriculture**, effective January 15, 2025, having the title of **Local Food Purchase Assistance 2025 Cooperative Agreement.**

I. <u>Introduction</u> - **Federal and State, Territory or Federally Recognized Tribal Agency employees conducting activities under terms of this agreement shall be as follows:**

    A. <u>For the Federal Agency</u> – Elizabeth Lober, Assistant to the Deputy Administrator, Elizabeth.lober@usda.gov, 202-313-1411.

    B. <u>For the State, Territory or Federally Recognized Tribal Agency</u> – Morgan Sheffield, Administrative Specialist, Msheffield@PA.gov, 717-787-3568.

II. <u>Responsibilities</u>

    A. <u>The Federal Agency will:</u>
1. Operate the program according to the attached Program Scope and Requirements.
2. Provide the State, Territory or Federally Recognized Tribal Agency with all necessary templates and information about the LFPA25 program during all phases of the program.
3. Arrange opportunities for the State, Territory or Federally Recognized Tribal Agency to engage with USDA-AMS staff to answer questions via meetings, informational webinars, or office hours.
4. Provide ongoing access to AMS staff who can provide guidance, technical assistance, instruction, and monitoring throughout the life cycle of the cooperative agreement.
5. Collaborate with the State, Territory or Federally Recognized Tribal Agency to oversee project timeline and alignment of activities with project goals.
6. Conduct a review of the State, Territory or Federally Recognized Tribal Government Plan within 60 days of Agency submission of said State, Territory or Federally Recognized Tribal Government Plan. Collaborate with the State, Territory or Federally Recognized Tribal Agency, as needed, to review, edit, and revise the initial State Plan and any revisions needed throughout the Agreement.
7. Issue an amendment to this agreement after State, Territory or Federally Recognized Tribal Agency and Federal Agency finalize the State, Territory or Federally Recognized Tribal Government Plan, including a detailed budget.
8. Have ongoing substantial involvement as described in the Program Scope and Requirements throughout the term of the agreement.
9. Provide the State, Territory or Federally Recognized Tribal Agency with a sum of **$13,003,131** to cover allowable costs.

    B. <u>The State, Territory or Federally Recognized Tribal Agency will</u>:
1. Operate their program and use funds in accordance with the attached Program Scope and Requirements, AMS General Terms and Conditions, and responsive to Federal Agency input throughout the program.
2. Submit a State, Territory or Federally Recognized Tribal Government Plan to the Federal Agency by April 30, 2025 using the attached Project Summary template. Funds will not be disbursed until a final State, Territory or Federally Recognized Tribal Agency Plan has been approved and prior LFPA and LFPA Plus funding has been expended.
3. Purchase local, unprocessed or minimally processed domestic foods from local producers, targeting historically underserved farmers/producers/fishers and small businesses including processors, aggregators, and distributors. Distribute the food purchased to underserved communities.
4. Participate in regular program status meetings with the Federal Agency related to financial, programmatic, or other activities as requested by the Federal Agency.
5. Provide quarterly progress and financial reports to the Federal Agency documenting information described in section 6.3 of the attached LFPA25 Program Scope and Requirements for the life of the award period of performance.
6. Submit requests for advances or reimbursements to the Federal Agency at least quarterly on Form SF-270, *Request for Advance or Reimbursement,* via ezFedGrants portal.

**CONTINUATION SHEET – COOPERATIVE AGREEMENT NUMBER: 6000034503**

7. Immediately refund to the Federal Agency, at the end of the agreement, any balance of unobligated funds advanced. This agreement is assessed an administrative charge as provided under the Debt Collection Act of 1996 (PUBLIC LAW 104–134—APR. 26, 1996). Late payments are assessed an interest charge of 18 percent per month after 60 days, or the Current Value of Funds Rate fixed by the Secretary of the Treasury. A penalty charge of 7 percent is assessed per month, in addition to the interest charge, after 90 days.
8. Keep a separate account of expenditures and provide the Federal Agency a final *Federal Financial Report*, Form SF-425, submitted no later than 120 days after the end of the award period of performance.
9. Submit a final performance report summarizing information provided in the quarterly reports no later than 120 days after the end of the award period of performance.

C. <u>It is mutually understood and agreed that:</u>

1. Reimbursements and advances to the State, Territory or Federally Recognized Tribal Agency shall be limited to the minimum amounts needed to meet current disbursement needs and shall be processed so that the funds are available to the State, Territory or Federally Recognized Tribal Agency as close as is administratively feasible to the actual disbursements by the State, Territory or Federally Recognized Tribal Agency for program costs.  Cash advances made by the State, Territory or Federally Recognized Tribal Agency to secondary recipient organizations or the State, Territory or Federally Recognized Tribal Agency's field organizations shall conform substantially to the same standards of timing and amount as apply to cash advances by the Federal Agency to the State, Territory or Federally Recognized Tribal Agency.
2. All aspects of this agreement shall be executed according to all applicable parts of Title 2 of the Code of Federal Regulations (CFR), Parts 25, 170, 200, and 400 or as they may be later revised, and successive published regulations as appropriate, hereby incorporated by reference and made a part of this agreement. The State, Territory or Federally Recognized Tribal Agency confirms that it understands and is bound by the above regulations.
3. As a condition of this award, the State, Territory or Federally Recognized Tribal Agency agrees to comply with and require subrecipients to comply with the requirements contained in:
    a. USDA AMS General Terms and Conditions
    b. Standard Form 424B, Assurances – Non-Construction Programs
    c. Form AD-1047, Certification Regarding Debarment, Suspension, and Other Responsibility Matters - Primary Covered Transactions.
    d. Form AD-1048, Certification Regarding Debarment, Suspension, Ineligibility and Voluntary Exclusion - Lower Tier Covered Transactions.  Note: The recipient is responsible for obtaining the signatures and retaining the certificates, if warranted, from lower tier recipients or contractors as defined in 2 CFR 200.
    e. Form AD-1049, Certification Regarding Drug-Free Workplace Requirements (Grants) Alternative I - For Grantees Other Than Individuals.
    f. Certification Regarding Lobbying.  Note: The appropriate lobbying disclosure report form, SF-LLL, is available from the Federal Agency if applicable.
        (a) Exception to the above: Certification Regarding Lobbying is not required from recipients of a Federal contract, grant, or cooperative agreement of $100,000 or less.
    g. 2 CFR Part 170, Reporting Subaward and Executive Compensation Information.
    h. 2 CFR Part 175, Award Term for Trafficking in Persons.
    i. National policy requirements contained in 2 CFR 1 – 200 and 400 et seq.
    j. In accepting the provisions of the award, the State, Territory or Federally Recognized Tribal Agency certifies that all employees and personnel responsible for providing the economic, marketing, or scientific data ensure the integrity and accuracy of the information. USDA has in place a Scientific Integrity Policy (DR 1074-001) that can be found at: https://www.ocio.usda.gov/policy-directives-records-forms/directives-categories.
    k. Prohibition Against Using Funds under Grants and Cooperative Agreements with Entities that Require Certain Internal Confidentiality Agreements:
        (a) The recipient may not require its employees, contractors, or subrecipients seeking to report fraud, waste, or abuse to sign or comply with internal confidentiality agreements or statements prohibiting or otherwise restricting them from lawfully reporting that waste,

**CONTINUATION SHEET – COOPERATIVE AGREEMENT NUMBER: 6000034503**

      fraud, or abuse to a designated investigative or law enforcement representative of a Federal department or agency authorized to receive such information.

   (b) The recipient must notify its employees, contractors, or subrecipients that the prohibitions and restrictions of any internal confidentiality agreements inconsistent with paragraph (a) of this award provision are no longer in effect.

   (c) The prohibition in paragraph (a) of this award provision does not contravene requirements applicable to any other form issued by a Federal department or agency governing the nondisclosure of classified information.

   (d) If the Government determines that the recipient is not in compliance with this award provision, it:
     (1) Will prohibit the recipient's use of funds under this award, in accordance with sections 743, 744 of Division E of the Consolidated Appropriations Act, 2016 (P.L. 114-113) or any successor provision of law; and
     (2) May pursue other remedies available for the recipient's material failure to comply with award terms and conditions.

  l. The State Agency further certifies that any service provider with concerns, questions, complaints, or information regarding possible violations of scientific integrity will report those concerns, either directly or through the State Agency's management, to the contracting officer who will forward those concerns to the AMS Scientific Integrity Officer (ASIO) or use the OIG Hotline at www.usda.gov/oig/hotline.htm.

4. No member of Congress or resident commissioner shall be admitted to any share or part of this agreement or to any benefit to arise therefrom, unless it be made with a corporation for its general benefit.

5. Subject to the necessary authority and funds, this agreement shall continue in force until **January 14, 2028**, unless amended or terminated by mutual consent of the parties in writing or terminated by either party upon 60-day notice in writing.

**Equal Employment Opportunity and Civil Rights**

*In accordance with Federal civil rights law and U.S. Department of Agriculture (USDA) civil rights regulations and policies, the USDA, its Agencies, offices, and employees, and institutions participating in or administering USDA programs are prohibited from discriminating based on race, color, national origin, religion, sex, gender identity (including gender expression), sexual orientation, disability, age, marital status, family/parental status, income derived from a public assistance program, political beliefs, or reprisal or retaliation for prior civil rights activity, in any program or activity conducted or funded by USDA (not all bases apply to all programs). Remedies and complaint filing deadlines vary by program or incident.*

*Persons with disabilities who require alternative means of communication for program information (e.g., Braille, large print, audiotape, American Sign Language, etc.) should contact the responsible Agency or USDA's TARGET Center at (202) 720-2600 (voice and TTY) or contact USDA through the Federal Relay Service at (800) 877-8339. Additionally, program information may be made available in languages other than English.*

*To file a program discrimination complaint, complete the USDA Program Discrimination Complaint Form, AD-3027, found online at How to File a Program Discrimination Complaint and at any USDA office or write a letter addressed to USDA and provide in the letter all of the information requested in the form. To request a copy of the complaint form, call (866) 632-9992. Submit your completed form or letter to USDA by: (1) mail: U.S. Department of Agriculture, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410; (2) fax: (202) 690-7442; or (3) email: program.intake@usda.gov.*

*USDA is an equal opportunity provider, employer, and lender.*